■ IRWIN MALTZ et al., Appellants, v AETNA U.S. HEALTH-CARE, INC., Doing Business as AETNA U.S. HEALTHCARE, et al., Respondents. [704 NYS2d 562] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered September 15, 1999, dismissing the complaint for failure to state a cause of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 2, 1999, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, who are members of defendants' health maintenance organization and whose son has Crohn's Disease, allege that defendants put on a television commercial that said, "We flew Eric Gonzalez to The Cleveland Clinic because of their renowned expertise in treating Crohn's Disease", but that when plaintiffs called defendants to inquire about treatment for their son at The Cleveland Clinic, they were told that The Cleveland Clinic was not available to defendants' enrollees in New York State. Viewing the ad as a whole, the "story" of Eric Gonzalez was conveyed as one of many stories demonstrating, by way of example, defendants' efforts at "raising the quality of healthcare in America". The ad should not have conveyed to a reasonable consumer that treatment at The Cleveland Clinic would be considered for every enrollee with Crohn's Disease. Nor do plaintiffs state a cause of action under General Business Law § 349 in connection with defendants' promotional literature representing that the level and quality of health care is enhanced by defendants' capitation method of compensating physicians. While plaintiffs express dissatisfaction with the level and quality of the health care they are getting, their allegations fail to show, first, that they are not getting benefits to which they are entitled, and, second, that any such deprivation is attributable to capitation. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.